

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/12/2010

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SILVER LION, INC., | ) | CASE NO. 09-80414-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Application to Employ Waldron & Schneider, L.L.P. as Special Counsel for Gabriel Albert Martin Matter" (Docket No. 38). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Silver Lion, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 17, 2009. Debtor remains as a debtor in possession. Debtor is represented in the instant Chapter 11 case by Barbara Rogers.

In the instant application, Debtor seeks to employ Waldron & Schneider, L.L.P. ("W&S") as special counsel, with Mark A. Rubal as attorney in charge, to represent the Debtor's

interest in state court litigation pending in the 270th Judicial District Court of Harris County, Texas. W&S represents one William Berger in the state court litigation.

Brandy Neill, an attorney with W&S, testified regarding the allegations in the state court litigation.[1] According to Neill, William Berger, who is one of Debtor's principals, executed a promissory note in the amount of $250,000 payable to Gabriel Martin. Berger executed a deed of trust, purportedly in his capacity as an officer of Debtor, with respect to the Debtor's real property.

Neill testified that Martin (who subsequently has died, and whose interests are apparently represented by his probate estate) foreclosed the deed of trust. In the litigation, Martin's probate estate is seeking to collect a deficiency on the note from Berger and Debtor. Berger takes the position that foreclosure was the only remedy available to the probate estate of Martin, and that he is not personally liable for a deficiency. Debtor asserts a claim against the probate estate for wrongful foreclosure of the real property, and seeks to recover the real property for Debtor's benefit. Debtor does not assert a monetary claim against the Martin probate estate, except for seeking an

---

[1]The court makes no finding as to the truth of the allegations. The allegations are recounted in order to ascertain the potential for conflict between the positions of the parties.

award of attorney fees.

Neill testified that there is a motion pending in the state court to sever the Martin probate estate's suit against Berger from the causes of action between the Martin probate estate and Debtor.  She testified that, if Debtor is permitted to employ W&S, Debtor will oppose the severance.  She testified that, if severance is granted, W&S will not represent both Berger and Debtor.

## Conclusions of Law

A Chapter 11 debtor in possession, with the court's approval, may employ, for a specified special purpose, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. §§ 327(e), 1107.

The standard of Section 327(e) is strict.  Attorneys engaged in the conduct of a bankruptcy case should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." In re West Delta Oil Co., 432 F.3d 347 (5th Cir. 2005).

3

The applicant seeking to employ special counsel has the burden of proof to show that employment is proper. In re Running Horse, L.L.C., 371 B.R. 446 (Bankr. E.D. Cal. 2007).

The representation of entities with potentially conflicting interests does not violate Section 327. Whether an actual disqualifying conflict exists must be considered in light of the particular facts of each case. See In re Consolidated BancShares, Inc., 785 F.2d 1249 (5th Cir. 1986); In re Global Marine, Inc., 108 B.R. 998 (Bankr. S.D. Tex. 1987).

In the instant case, it appears that there is an actual conflict between the positions of Berger and Debtor. Berger is not seeking to set aside the foreclosure of the property. He is simply asserting that the Martin probate estate has no right to seek a deficiency judgment against him. Debtor is seeking to recover the real property, and is not seeking a money judgment. The apparent consequence of Debtor's success in the litigation is that Berger might conceivably be liable on the note. Moreover, to the extent Debtor might conceivably use the disparate interests of the Debtor and Berger strategically, Neill's testimony indicates that W&S would not continue representation of both Debtor and Berger in that circumstance. The court concludes that Debtor has not sustained its burden of proof to demonstrate the absence of an actual conflict. The court concludes that

4

Debtor should not be permitted to employ as special counsel the law firm that represents Berger.

Signed at Houston, Texas on July 12, 2010.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE